IN THE UNITED STATES DISTRICT
COURT FOR THE ___NEW MEXICO___ DISTRICT
_____ DIVISION

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
2013 AUG 22 PM 12: 11
CLERK-SANTA FE

Beatriz A. Cardenas-Uriarte ____
  Petitioner

                           CV 13-791 JB/LFG

v.                          Case No.   1:10CR01926-001BB

United States of America

MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE PURSUANT TO
SUPREME COURT RULING IN ALLEYNE V. UNITED STATES
(NO. 11-9335) JUNE 11, 2013

COMES NOW petitioner, ___Beatriz A. Cardenas-Uriarte___, Pro se, respectfully requesting this honorable court to exercise its discretion to vacate, set aside, or correct her sentence in accordance with the Supreme Court ruling on June 11, 2013, in Alleyne v. United States. The petitioner asserts this court has jurisdiction to consider this motion pursuant to 28 USC§2255.

STATEMENT OF THE CASE

Petitioner in the above criminal case was sentenced to a term of 144__ months imprisonment, at offense level ____, followed by a term of supervised release of _4_ years. The petitioner was convicted under:

Count 1 ___Drug trafficking_____

Count 2 _____

Count 3 _____

in this honorable court.

SUPREME COURT RULING
ALLEYNE V. UNITED STATES
(NO. 11-9335)

On June 17, 2013, the Supreme Court in a 5-4 opinion, has overruled Harris v. United States, holding that Apprendi applies to facts that increase a defendant's sentence beyond the mandatory minimum. This extends the protection of the Sixth Amendment right to trial by jury to all defendants facing enhanced mandatory minimum sentences. Before this ruling, a judge who found that certain facts that had been establlished by the lower "preponderance of the evidence" standard was required to impose any mandatory sentence triggered by those facts.

The Sixth Amendment right to trial "by an impartial jury," in conjunction with the Due Process clause, requires that each element of a crime be proved to a jury beyond a reasonable doubt. Gaudin, 515 US at 510. Several divided opinions of this court have addressed the constitutional status of a "sentencing factor." In McMillan v. Pennsylvania, 477 US 79, 86, the court held that facts found to increase a mandatory minimum sentence are sentencing factors a judge could find by a preponderance of the evidence. In Apprendi, however, the court declined to extend McMillan to a New Jersey statute that increased the maximum of imprisonment if the trial judge found that the crime was committed with racial bias, 530 US, at 470, finding that any fact that increased the prescribed statutory maximum sentence must be an "element" of the offense to be found by the jury. Id., at 483, n 10,490.

Secondly, every fact that is a basis for imposing or increasing punishment should be submitted to a jury and alledged in the indictment. In Hope v. Commonwealth, 50 Mass. 134 (1845) the defendant was indicted for (and convicted of) larceny. The larceny statute established two levels of sentencing based on whether

2

the stolen property exceeded $100.  Because punishment varied with value, the state high court found that value was an element of the offense.  "Where a statute annexes a higher degree of punishment to a common law felony, if committed under particular circumstances, an indictment for the offense, in order to bring the defendant within that higher degree of punishment, must expressly charge it to have been committed under those circumstances with certainty and precision. [2M. Hale, Pleas of the Crown 170]"  Archbold 51 (15th ed. 1862).

The indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted.  Bushop §81, at 51.  This rule enables the defendant to determine the "species of offence" with which she was charged" in order that she may prepare her defense accordingly, and that there may be no doubt as to the judgment given, if the defendant be convicted."

## ALLEYNE IMPACT ON PLEA AGREEMENTS

"If the record disclosed that at the time of the plea, neither the accused, nor her counsel, nor the district court correctly understood the essential elements of the crime with which she was charged, then the plea was invalid under the Federal Constitution." (See Bousley v. United States, 523 US 614 (1998)). In light of Alleyne, it is now clear that when she was told by her lawyer, the judge and the prosecutor, that her requisite statutory predicates were not elements of the crime which she was charged, she received critically incorrect legal advice. Even though they may have relied on existing precedent, it does not mitigate the impact of the erroneous advice.  All of these are consequences for the petitioner that are unjust, unfair, and amounts to a miscarriage of justice.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing arguments and authorities, the petitioner

respectfully urges this honorable court to vacate, set aside, or correct her sentence, and enter a new judgment in a criminal case, reflecting said change in the petitioner's sentence, and any other and further relief which this honorable court deems fair and just.

Dated this ___18___ day of August 2013.

Respectfully submitted

*Beatriz Adriana Cardenas Uriarte*

Beatriz A. Cardenas-Uriarte
Petitioner, Pro se

Return receipt to:
Beatriz A. Cardenas-Uriarte   #57408-051
PO Box 3000
Bruceton Mills, WV   26525

New adress:
Beatriz A Cardenas Uriarte
#57408-051
PO Box 4000
F-C-1 Aliceville
Aliceville, AL 35442

K DK
PO E
F-C-l Aliceville
Aliceville, AL 35442
United States

MATTHEW J. DYKMAN
CLERK

**RECEIVED**
AT SANTA FE

AUG 2 2 2013

Clerk of the Court
PO Box. 2085 = 87504-2085
166 So. Federal Place
Santa Fe N.M 8750(